IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONNA NEAL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACT. NO.  2:12CV290-CSC |
| | )           (WO) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security,[1] | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

On June 3, 2009, the Plaintiff, Donna Neal, filed an application for a period of

disability and disability insurance benefits under Title II of the Social Security Act,  42

U.S.C. §§ 401, *et seq.*  (R. 15, 118).  Neal alleged that her date of disability onset was May

5, 2006.  (R. 40, 118).  Her application was denied at the initial administrative level.  Neal

then requested and received a hearing before an Administrative Law Judge ("ALJ").  On

September 22, 2010, following the hearing, ALJ Joseph F. Dent also denied the claim.  (R.

31).  The Appeals Council denied a subsequent request for review on February 3, 2012.  (R.

1).  The ALJ's decision consequently became the final decision of the Commissioner of

Social Security ("Commissioner").  *See  Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir.

1986).[2]  The case is now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.

[2]Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

1383(c)(3).  Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final

judgment by the United States Magistrate Judge.  Based on the court's review of the record

in this case and the briefs of the parties, the court concludes that the decision of the

Commissioner should be reversed and remanded for further proceedings.

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A) a person is entitled to disability benefits when the

person is unable to

> engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to result
> in death or which has lasted or can be expected to last for a continuous period
> of not less than 12 months . . .

To make this determination[3] the Commissioner employs a five-step, sequential

evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1)  Is the claimant presently unemployed?
> (2)  Is the claimant's impairment severe?
> (3)  Does the claimant's impairment meet or equal one of the specific
> impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4)  Is the claimant unable to perform his or  former occupation?
> (5)  Is the claimant unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next
> question, or, on steps three and five, to a finding of disability.  A negative
> answer to any question, other than step three, leads to a determination of "not
> disabled.

---

[3]A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3); 42 U.S.C.A. § 1382c(a)(3)(D).

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

The standard of review of the Commissioner's decision is a limited one.  This court

must find the Commissioner's decision conclusive if it is supported by substantial evidence.

*Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997); 42 U.S.C. § 405(g).  "Substantial

evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence

as a reasonable person would accept as adequate to support a conclusion."  *Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971).  A reviewing court may not look only to those parts of

the record which supports the decision of the ALJ, but instead must view the record in its

entirety and take account of evidence which detracts from the evidence relied on by the ALJ.

*Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the
> reasonableness of the [Commissioner's] . . . factual findings . . . No similar
> presumption of validity attaches to the [Commissioner's] . . . legal conclusions,
> including determination of the proper standards to be applied in evaluating
> claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  ISSUES

**A. Introduction.**  Neal was born on November 15, 1963.  (R. 118).  Neal alleges she

is unable to work due to multiple sclerosis ("MS"), degenerative disk disease of the cervical

spine, restless leg syndrome, and depression.  (R. 47).  Her past work experience consists of

---

[4]*McDaniel v. Bowen,* 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI).
The same sequence applies to disability insurance benefits.  *See Sullivan v. Zebley*, 493 U.S. 521,525 n.3
(1990). Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Sullivan*,
493 U.S. at 525 n.3; *Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

work as an elementary school teacher.  (R. 69-70).

Following the hearing, the ALJ concluded that Neal had the following severe impairments: multiple sclerosis and degenerative disc disease of the cervical spine.  (R. 17). The ALJ further concluded that Neal's impairments or combination of impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, Appendix 1.  (R. 20).

> The ALJ determined that Neal had the residual functional capacity
>
> to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant may alternate between sitting or standing at 30-60 minute intervals while remaining at her work place. The claimant cannot climb ropes, ladders, or scaffolds. The claimant can occasionally climb ramps and stairs. She can occasionally balance, stoop, kneel, crouch, and crawl. The claimant can frequently engage in bilateral fine manipulation. The claimant must avoid concentrated exposure to extreme temperatures and irritants such as fumes, odors, dust, gases, and poorly ventilated areas. She must avoid all exposure to hazardous machinery, unprotected heights, and large bodies of water. She is prohibited from operating a vehicle in the performance of work-related tasks. She is further limited to simple, routine, and repetitive one-to-two step tasks in a low stress job. A low stress job is defined as requiring only occasional decision making and only occasional changes in the work setting.

(R. 21).

The ALJ concluded that Neal was unable to return to her past relevant work.  (R. 30). However, the ALJ concluded that Neal did have the residual functional capacity to perform other jobs that exist in significant numbers in the national economy, and thus, she was not disabled.  (R. 30-31).

**B. Issues.**  According to the plaintiff, the primary issues are as follows:

1.      Whether the case must be remanded to the Appeals Council to consider material evidence that was submitted to the Appeals Council but that the Appeals Council failed to consider or include in the record; and

2.      Whether the ALJ erred in determining Neals' residual functional capacity without the benefit of a physician's opinion as to Neal's functional limitations.

(Doc. 11 p. 3).

The court pretermits discussion of the second issue raised by the plaintiff because this case is due to be reversed and remanded for the Commissioner to determine whether Neal is disabled in light of evidence that was submitted to, but apparently completely overlooked by, the Appeals Council.

## IV. Discussion

**A.      The Appeals Council Failed to Apply the Correct Legal Standard When It Failed to Consider New and Material Evidence Submitted by Neal or Incorporate that Evidence in the Record**.

This case presents a peculiar situation. New and material evidence was properly submitted to the Appeals Council;[5] however, because the new evidence was never placed in Neal's file, the Appeals Council was completely unaware of the new evidence at the time of its decision to deny review. Therefore, the Appeals Council did not consider the new evidence *at all*. Neal argues that the case must be reversed and remanded because the

---

[5]The court notes that this is not a case where the court must consider whether the plaintiff had good cause for waiting until *after* the final decision of the Commissioner to present new evidence *to the court* that was not properly submitted at the appellate level. *See Ingram v. Comm'r Soc. Sec. Admin.*, 496 F.3d 1253, 1260-61 (11th Cir. 2007) (explaining that a sentence four, as opposed to sentence six, remand is appropriate when the evidence was properly before the Appeals Council, but "the Appeals Council did not adequately consider the additional evidence" (quotation marks omitted)).

Appeals Council failed to consider the new evidence at all before denying review.

In a social security case, the Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991). Where a claimant seeks review by the Appeals Council of an adverse ruling by an ALJ, the Appeals Council has discretion not to review the ALJ's denial of benefits. *See* 20 CFR § 404.981. However, "[w]hen the Appeals Council refuses to consider new evidence submitted to it and denies review, that decision is . . . subject to judicial review because it amounts to an error of law." *Keeton v. Dep' of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

"When a claimant properly presents new evidence, and the Appeals Council denies review, the Appeals Council must show in its written denial that it has adequately evaluated the new evidence." *Flowers v. Comm'r of Soc. Sec.,* 441 Fed. Appx. 735, 745, 2011 WL 4509878, 8 (11th Cir. 2011) (panel decision) (citing *Epps v. Harris*,[6] 624 F.2d 1267, 1273 (5th Cir. 1980)). The Appeals Council's written denial does not refer to the new evidence (R. 2), and the Commissioner admits that the Appeals Council was unaware of the evidence at the time of the decision. Although Neal does not argue that this case should be remanded under *Flowers* and *Epps* for the Appeals Council's failure to show in its written denial that it adequately evaluated the new evidence before denying review, this failure alone would

---

[6]Decisions of the former Fifth Circuit on or before September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

constitute grounds for reversal. *See Epps,* 624 F.2d at 1273 ("Although the Appeals Council

acknowledged that [the claimaint] had submitted new evidence, it did not adequately evaluate

it. Rather, it perfunctorily adhered to the decision of the hearing examiner. This failure alone

makes us unable to hold that the [Commissioner]'s findings are supported by substantial

evidence and requires us to remand this case for a determination of [the claimant's] disability

eligibility reached on the total record."); *see also Cornelius*, 936 F.2d at 1145-46 (holding

that the Commissioner's "failure . . . to provide the reviewing court with sufficient reasoning

for determining that the proper legal analysis has been conducted mandates reversal.").

Further, when a claimant presents the Appeals Council with new and material

evidence that relates to the time period on or before the ALJ's decision, the new evidence is

to be made part of the administrative record, and the Appeals council *must* consider the new

evidence in determining whether to review the ALJ's decision. 20 CFR § 404.970(b); *Ingram*

*v. Comm'r Soc. Sec. Admin.*, 496 F.3d 1253, 1260-61 (11th Cir. 2007); *see Keeton*, 21 F.3d

at 1069 ("[N]ew evidence first submitted to the Appeals Council is part of the administrative

record that goes to the district court for review when the Appeals Council accepts the case

for review as well as when the Council denies review."). *Cf.* 20 CFR § 404.976(b)

(providing that, *if* new evidence does not relate to the period on or before the date of the

ALJ's decision, the Appeals Council may return new evidence to the claimant "with an

explanation as to why it did not accept the additional evidence").

In this case, on September 22, 2010, the ALJ issued a written decision finding that

Neal had severe impairments of multiple sclerosis and degenerative disc disease of the cervical spine. (R. 17). However, after considering the then-available medical record and the evidence as a whole, the ALJ found that Neal's severe impairments did not meet or medically equal a listed impairment, including the listed impairment for multiple sclerosis. (R. 20-21, 31). The ALJ found that Neal could not return to her former work as an elementary school teacher, but that she was not disabled because she had the residual functional capacity to perform other jobs that exist in significant numbers in the national economy. (R. 30-31).

On February 11, 2011, following Neal's request for review by the Appeals Council, the Commissioner sent Neal a letter stating that she would be permitted to submit new and material information about her case. (R. 5). The Commissioner provided instructions for the information to be sent by facsimile and further stated, "If you send us anything by fax, please do not send duplicates by mail. That may delay processing of your claim." (R. 5). It is undisputed that new evidence was properly[7] submitted to the Commissioner on July 25, 2011, when Neal sent the new evidence by fax in accordance with the instructions in the

---

[7]The court notes that the Commissioner's February 11, 2011 letter stated that new information must be sent to the Appeals Council "within 25 days of the date of this letter. We will not allow more time to send information except for very good reasons." (R. 5). However, the Commissioner does not argue that the evidence was not timely submitted, and the Appeals Council did not reject the new evidence on grounds that it was not timely provided or that Neal failed to offer a good reason for not sending the information sooner. In any event, the new material was provided long before the Appeals Council's February 3, 2012 notice to that it had denied review of her claim. (R. 1). Because the parties do not raise the issue, and because the Appeals Council never considered the timeliness of the submission in the first instance, the court will consider the evidence to have been properly submitted to the Appeals Council even though it was not submitted within twenty-five days of the Commissioner's February 11, 2011 letter.

Commissioner's February 11, 2011, letter.  (Doc. 11-1 pp. 1-2 (facsimile transmission report).  It is also undisputed that the Appeals Council did not make the new evidence a part of the administrative record or consider the evidence in denying review.  (Doc. 14-1 p. 1 (letter from an administrative appeals judge stating that the new evidence "was not associated with the claimant's file at the time the Appeals Council acted in this case")).

The new evidence consisted of a form completed by Dr. Stephen R. Bryan, Neal's treating neurologist, on March 14, 2011.  (Doc. 11-1 pp. 1-2).  By placing check marks beside blanks marked "yes" on the form, Dr. Bryan indicated that, in his opinion, since 2007 Neal had been suffering from "significant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dextrous movements, or gait and station;" "a visual impairment mal with loss of visual acuity, contraction of the visual field in the better eye, and/or loss of visual efficiency" (which Dr. Bryan explained consisted of "persistent blurred vision"); and "significant, reproducible fatigue of motor function with substantial muscle weakness on repetitive activity, demonstrated on physical examination, resulting from neurological dysfunction in areas of the central nervous system known to be pathologically involved by the multiple sclerosis process."  (Doc. 11-1 p. 2).

The new evidence was relevant to the time period before the date of the ALJ's hearing decision.  *See*  20 CFR § 404.970 (providing that, in determining whether to review a case, the Appeals Council must consider "additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision").  The new evidence

is material because it consists of a medical opinion by a treating physician regarding the presence of medical signs and symptoms of a listed impairment during the relevant time period.  *See* 20 CFR Pt. 404, Subpt. P, App. 1, § 11.09 (listing for multiple sclerosis);[8] 20 CFR § 404.970 (providing that, in determining whether to review a case, "[i]f new and material evidence is submitted, the Appeals Council shall consider" the evidence).  "A treating physician's opinion 'must be given substantial or considerable weight unless 'good cause' is shown to the contrary.'" *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir.2004) (quotation marks omitted); see also 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  Both parties approach the new evidence as though it is material evidence in the form of a medical opinion from Neal's treating physician that must be considered absent good cause. The Commissioner merely seems to argue that the court should disregard the Appeals Council's original failure to consider the evidence because, after the filing of this action, the Appeals Council realized its error, considered the new evidence, and decided that factors constituting "good cause" exist in this case and that the opinion of the ALJ is

_____

[8]A claimant meets the listing for multiple sclerosis when the claimant has:

11.09 Multiple sclerosis. With:
A. Disorganization of motor function as described in 11.04B; or
B. Visual or mental impairment as described under the criteria in 2.02, 2.03, 2.04, or 12.02; or
C. Significant, reproducible fatigue of motor function with substantial muscle weakness on repetitive activity,demonstrated on physical examination, resulting from neurological dysfunction in areas of the central nervous system known to be pathologically involved by the multiple sclerosis process.

20 CFR Pt. 404, Subpt. P, App. 1, § 11.09.

supported by substantial evidence.  *See* Doc. 14 p. 12 (Commissioner's brief arguing that

the Appeals Council now considers the new evidence to be conclusory and inconsistent with

Dr. Bryan's own treatment notes); *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004)

("'[G]ood cause' exists when the (1) treating physician's opinion was not bolstered by the

evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was

conclusory or inconsistent with the doctor's own medical records.").

Even if the new evidence is not a "medical opinion" by a treating physician, it was

still due to be included in the administrative record and considered by the Appeals Council,

at the very least, under 20 C.F.R. § 404.1527(d)(2)-(3),[9] which provides that, while not

dispositive, the Commissioner will consider medical source opinions on whether an

impairment meets or medically equals one of the listed impairments.  *Cf. Caulder v. Bowen*,

791 F.2d 872, 877-78 (11th Cir. 1986) (holding that a physician's "medical opinion on the

presence of the impairment during the time period for which benefits are sought" was new

and material evidence that should be considered by the Appeals Council, and explaining that,

while the court "agree[d] with the [Commissioner's] assertion that a physician's statement

that a claimant is disabled is not dispositive of the issue of disability[,] the statement,

however, must be considered in the [Commissioner]'s examination of the totality of the

---

[9] 20 C.F.R. § 404.1527(d)(2)-(3) ("Opinions on some issues . . . are not medical opinions . . . but are,
instead, opinions on issues reserved to the Commissioner because they are administrative findings that are
dispositive of a case; i.e., that would direct the determination or decision of disability. . . . Although we
consider opinions from medical sources on issues such as . . . whether your impairment(s) meets or equals
the requirements of any impairment(s) in the Listing of Impairments in appendix 1 to this subpart, . . . the
final responsibility for deciding these issues is reserved to the Commissioner. We will not give any special
significance to the source of an opinion on issues reserved to the Commissioner.").

evidence.").

Accordingly, the court finds that the opinion of Neal's treating neurologist was material because it is "relevant and probative so that there is a reasonable possibility that it would change the administrative outcome." *Caulder* 791 F.2d at 877.[10]   The Appeals Council erred as a matter of law in not considering the evidence *at all* when determining whether to review the decision of the ALJ.  *See* 20 CFR § 404.970(b); *Epps,* 624 F.2d at 1273 (holding that, in light of the Appeals Council's failure to show that it had adequately considered new evidence that had been properly submitted to it, the court was unable to determine whether the Appeals Council's decision to deny review was supported by substantial evidence).

**B.     The Court Will Not Independently Weigh the Conflicting Medical Evidence**

Although the Commissioner asks this Court to defer to a letter from the Appeals Council stating that the new evidence would not change its decision to deny review, the Commissioner does *not* ask the Court to stand in the Appeals Council's shoes and independently weigh the new and material evidence to determine whether the decision of the ALJ was supported by substantial evidence on the record as a whole.  *See Ingram*, 496 F.3d at 1267 ("The Appeals Council . . . must review the case if 'the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'"

---

[10]The court notes that, unlike this case, *Caulder* involved a situation where the claimant "did not submit evidence to the Appeals Council; instead, [the claimant] submitted new evidence to the district court and requested that the district court remand the case back to the Commissioner so that the Commissioner could consider the new evidence in the first instance." *Ingram*, 496 F.3d at 1267 (11th Cir. 2007).

(quoting 20 C.F.R. § 404.970(b))). *Cf. Caulder*, 791 F.2d at 877 (holding that new evidence first presented to a district court is material if it is "relevant and probative so that there is a reasonable possibility that it would change the administrative outcome"). However, Neal herself argues that, without the new evidence, the ALJ's opinion is not substantially supported by the record; and the Commissioner argues that, without the new evidence, the ALJ's opinion *is* supported by substantial evidence.

The court will not reach the question of whether the ALJ's opinion is substantially supported by the record, with or without the new evidence. This court's review of the Commissioner's final decision to deny review is limited to whether substantial evidence supports the decision and whether the correct legal standards were applied. *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *see also Ingram*, 496 F.3d 1253 (holding that the decision of an Appeals Council to deny review is a final decision subject to judicial review). Where conflicting medical evidence has been properly submitted to the Commissioner, it is the Commissioner's duty in the first instance to make the appropriate findings of fact and to determine the weight to be given to conflicting medical opinions. *See Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005) ("[C]redibility determinations are the province of the [Commissioner]."); *see also Carson v. Comm'r of Soc. Sec. Admin.*, 300 Fed. Appx. 741, 743, (11th Cir. 2008) ("Where the [Commissioner] articulated specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence, we do not disturb the [Commissioner]'s

refusal to give the opinion controlling weight."). It is the duty of the Appeals Council, not

the federal court, to weigh and consider new evidence that has been properly submitted to

the Appeals Council and to determine whether further review is warranted in light of the

entire record.  20 CFR § 404.970(b).

As the Commissioner points out in reliance on the letter from the Administrative

Appeals Judge, the new evidence does appear to be conclusory and inconsistent with the

treating physician's own notes, the medical record as a whole, and the substantial evidence

cited by the ALJ. *See Phillips v. Barnhart,* 357 F.3d 1232, 1241 (11th Cir. 2004) (explaining

grounds constituting "good cause" for an administrative decision to reject the opinion of a

treating physician).  On that basis, the court is tempted to reject a conclusion some may view

as hypertechnical and proceed with resolving the case as it now stands.  However, as the

Eleventh Circuit stated in *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986):

> [The court is] well aware of the overload of disability claims facing the
> [Commissioner]. This awareness tempts this court in cases like this in which
> it is not shown that the correct standard has been applied by the
> [Commissioner].  It tempts this court to cut through delay by evaluating the
> administrative record itself and, applying the correct legal standard,
> determining for itself whether the claimant has met her . . . burden [to
> demonstrate a disability]. The temptation must be resisted, however. Even
> though motivated by a desire to reduce the [Commissioner]'s caseload, it
> would be an affront to the administrative process if courts were to engage in
> direct fact finding in these Social Security disability cases. The Congressional
> scheme is that, governed by standards promulgated by Congress and
> interpreted by the courts, the administrator is to find the facts case by case and
> make the determination of presence or absence of disability, and that, in the
> course of judicial review, the courts are then to respect the administrative
> determination.

800 F.2d at 1032.

Because the Appeals Council denied review without *any* acknowledgement or *any* consideration of the new evidence, the court will not independently determine the weight to assign to that evidence or whether the decision of the ALJ would have been supported by substantial evidence on the record as a whole if the new evidence had been incorporated in that record.  To do so would require this court to make findings of fact, reweigh evidence, and substitute its own decision for that of the Commissioner.  *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (holding that a reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner." (citation, quotation marks, and original alteration omitted)).  *Cf. Epps*, 624 F.2d at 1273 (holding that, where the Appeals Council failed to show that it had adequately considered new evidence, the court was unable to determine whether the Appeals Council's decision to deny review was supported by substantial evidence).

**C.     The Court Does Not Have Jurisdiction to Consider the Appeals Council's October 2, 2012 Letter**

Without citing any supporting legal authority, the Commissioner invites this court to overlook her legal error by relying on the following October 2, 2012[11] letter from Administrative Appeals Judge Sunmee Jo:

> On February 3, 2012 the Appeals Council denied a request for review of an Administrative Law Judge's decision dated September 22, 2010. The Council has now received additional evidence concerning this case.

---

[11]This action was filed on March 30, 2012.  (Doc. 1).

> The additional evidence is dated March 14, 2011, and is a questionnaire with check-marked answers completed by Stephen R. Bryan, M.D., indicating that the claimant may meet the criteria for Listing 11.09 as of 2007. This evidence was not associated with the claimant's file at the time that the Appeals Council acted on this case. The hearing decision in this case was issued on September 22, 2010, and Dr. Bryan's statement significantly post-dates the decision. Dr. Bryan's statement is contradicted by the findings and observations in his treatment notes which were in the record before the Administrative Law Judge. The hearing decision explains why the record does not support that the claimant had listing level Multiple Sclerosis during the adjudicated period. The additional evidence would not change the findings and conclusions in the hearing decision.
>
> The Appeals Council has concluded that no change in the prior action is warranted. The case is now before the district court and no further administrative action will be taken pending the court's review.

(Doc. 14-1).

The letter from an administrative appeals judge suggests that the new evidence would not have a reasonable possibility of affecting the administrative outcome because, if the Appeals Council were given the opportunity to weigh the new evidence in light of the total record, it would still conclude that the ALJ's opinion was free of legal error and supported by substantial evidence. *See* 20 CFR § 404.970(b) (providing that the Appeals Council must consider new and material evidence and "review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record"); *Caulder* (holding, in a sentence six remand case, that evidence is material if it is "relevant and probative so that there is a reasonable possibility that it would change the administrative outcome.").

However, this court does not have jurisdiction to consider the letter from the Appeals

16

Council.  This court can only review a "final decision" of the Commissioner. 42 U.S.C. §

405(g).  In this case, the reviewable "final decision" of the Commissioner was made when

the Appeals Council denied review.  20 C.F.R. § 416.1400(a)(5) ("When you have completed

the steps of the administrative review process" and the request for review by the Appeals

Council is denied, "we will have made our final decision.  If you are dissatisfied with our

final decision, you may request judicial review by filing an action in a Federal district

court."); 20 CFR § 404.972 ("The dismissal of a request for Appeals Council review is

binding and not subject to further [administrative] review."); *see* 20 CFR § 404.981 ("You

may file an action in a Federal district court within 60 days after the date you receive notice

of the Appeals Council's action."); *Ingram*, 496 F.3d at 1262-67 (clarifying that a decision

of the Appeals Council to deny review is a reviewable final decision subject to a sentence

four modification, reversal, or remand).

The court has found no legal support for the proposition that a reviewable "final

decision" retroactively includes a post-hoc letter from an administrative appeals judge stating

that the Appeals Council would take "no further administrative action" while simultaneously

advising what the Appeals Council's decision would have been *if* the Appeals Council had

applied the correct legal standard and *if,* hypothetically, it had been aware of evidence that

it was legally obligated to include in the record and consider in the first place.  *See Caulder*,

791 F.2d at 877 ("This court has held that when determining whether to remand a case to the

[Commissioner] for consideration of new evidence, the mere statement by the

[Commissioner] that the new evidence would not ultimately change the decision cannot be accorded any weight since the statement concerning the materiality of the evidence not in the certified administrative record is advisory at best."). *Cf. Califano v. Sanders*, 430 U.S. 99 (1977) (holding that neither the Administrative Procedure Act nor 42 U.S.C. § 405(g) confers subject matter jurisdiction on federal courts to review the Commissioner's refusal to reopen a prior determination).

Therefore, the court will not consider the letter from the Administrative Appeals Judge, and the letter does not change the court's conclusion that the opinion of Neal's treating neurologist is "relevant and probative so that there is a reasonable possibility that it would change the administrative outcome." *Caulder*, 791 F.2d at 877.

### V. CONCLUSION

Accordingly, this case will be reversed and remanded to the Commissioner for further proceedings consistent with this opinion.  Further, it is

**ORDERED** that, in accordance with *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1278 n. 2 (11th Cir. 2006), the plaintiff shall have sixty (60) days after she receives notice of any amount of past due benefits awarded to seek attorney's fees under 42 U.S.C. § 406(b). *See also Blitch v. Astrue*, 261 Fed. Appx. 241, 242 n.1 (11th Cir. 2008).

A separate final order will issue.

Done this 25th day of June, 2013.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE